IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVONNE COE,

   Plaintiff,

-vs-                                 Case No.:

CREDENCE RESOURCE MANAGEMENT, LLC,

   Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, YVONNE COE sues the Defendant, CREDENCE RESOURCE MANAGEMENT, LLC, and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1.    Plaintiff YVONNE COE ("COE") brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*., (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3.    The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.     Plaintiff is and was at all material times a natural person over the age of eighteen (18), who resides in Pinellas County, Florida.

5.     Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Plaintiff is the "called party" with respect to the calls placed to her cellular telephone number, (###) ###-4962, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934 (11th Cir.2014).

8.     At all times material hereto, Defendant, CREDENCE RESOURCE MANAGEMENT, LLC, (hereafter, "CREDENCE"), was and is a corporation engaged in the business of collecting consumer debts within the State of Florida, with their principal place of business at 17000 Dallas Pkwy #204, Dallas, TX 75248.

9.     Defendant operated at all material times as a third-party debt collector, in which capacity it attempts to collect consumer debts allegedly owed to another from consumers located in the state of Florida, and solicits consumer debt accounts for collection from creditors who have a business presence in this state.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     At all times material, Defendant sought to collect an alleged debt from Plaintiff that Plaintiff did not owe, and which was instead purportedly owed by a third party who is unknown to Plaintiff, identified as "William Bonner."

12.     The subject debt that Defendant sought to collect from Plaintiff purportedly arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes, and 15 U.S.C. § 1692a(5).

13.     In or about June of 2015, Defendant CREDENCE began initiating automated calls to Plaintiff's cellular telephone number, (###) ###-4962, in an effort to collect the above described alleged debt.

14.     Upon answering several of these calls, Plaintiff verbally instructed Defendant's representatives that she was not "William Bonner," that she did not owe the alleged debt that the Defendant was calling her to collect, that Defendant had the wrong number, and specifically demanded that Defendant stop calling.

15.     Despite Plaintiff's unambiguous instructions to Defendant that it had reached the wrong number, that she did not owe the debt it was calling to collect, and to cease placing calls to her aforementioned cellular telephone number, Defendant CREDENCE continued initiating calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's unambiguous instructions.

16.     Defendant CREDENCE intentionally harassed and abused Plaintiff on numerous occasions, by and through its agents and representatives, including but not limited to calling Plaintiff several times in a single day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

17.     To date, Plaintiff has received approximately forty (40) calls on her aforementioned cellular telephone number from Defendant CREDENCE, and the calls continue through the date of filing of this Complaint (or such date as will be revealed during discovery in this matter).

18. Despite Plaintiff demanding that Defendant CREDENCE cease placing calls to her aforementioned cellular telephone number, Defendant CREDENCE, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, FDCPA and FCCPA, as described herein.

19. The telephone calls at issue were placed by Defendant CREDENCE using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

20. Defendant's use of an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an ATDS.

21. Defendant CREDENCE initiated each of the calls at issue to Plaintiff, COE's aforementioned cellular telephone number without the "prior express consent" of Plaintiff, CREDENCE as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

22. Moreover, Defendant CREDENCE initiated the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff instructing Defendant that it had reached the wrong number, that she did not owe the debt it was calling to collect, and to cease placing calls to her aforementioned cellular telephone number, which operated as a revocation of any "prior express consent" Defendant mistakenly believed it had.

23. Additionally, none of the telephone calls at issue were placed by Defendant CREDENCE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

24.     Defendant CREDENCE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

25.     Defendant CREDENCE has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff, CREDENCE's aforementioned cellular telephone number, as described herein.

26.     Defendant CREDENCE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

27.     Despite actual knowledge of its wrongdoing, Defendant CREDENCE continued the campaign of harassment and abuse.

28.     Defendant CREDENCE's corporate policy is structured to continue to call individuals like the Plaintiff despite these individuals' requests to stop calling.

29.     Defendant CREDENCE's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30.     Defendant CREDENCE followed its corporate policies when attempting to communicate with Plaintiff in an effort to collect the alleged debt at issue.

31.     Defendant CREDENCE has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

32.     Defendant CREDENCE has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

33.     As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

34.     Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, and 15 U.S.C. § 1692k have continued and are continuing as of the filing of this complaint.

35.     All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I - VIOLATION OF THE TCPA

36.     Plaintiff, COE re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

37.     None of the calls at issue were placed by Defendant CREDENCE to Plaintiff, COE's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, COE as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

38.     Moreover, Plaintiff COE revoked any "prior express consent" that Defendant CREDENCE even mistakenly believed it had by instructing Defendant CREDENCE that it had reached the wrong number, that she did not owe the debt it was calling to collect, and to cease placing calls to her aforementioned cellular telephone number.

39.     Additionally, none of the calls at issue were placed by Defendant CREDENCE to Plaintiff COE's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

40.     Defendant CREDENCE willfully and/or knowingly violated the TCPA with respect to Plaintiff, COE by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and/or after Plaintiff instructed Defendant CREDENCE that it had reached the wrong number, that she did not owe the debt it was calling to collect, and to cease placing calls to her aforementioned cellular telephone number, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

41.     The TCPA provides Plaintiff with a private right of action against Defendant CREDENCE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff COE respectfully demands judgment against Defendant CREDENCE for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II - VIOLATION OF THE FCCPA

42.     Plaintiff, COE re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

43.     At all times material to this action Defendant CREDENCE was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

44.     Defendant CREDENCE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the Plaintiff.

45.     Defendant CREDENCE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff.

46.     Defendant CREDENCE engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

47.     The actions of Defendant CREDENCE have directly and proximately resulted in Plaintiff COE's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation, and loss of the capacity for the enjoyment of life; and attorneys' fees, interest, and costs.

WHEREFORE, Plaintiff, COE respectfully demands judgment against Defendant CREDENCE for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

### COUNT III - VIOLATION OF THE FDCPA

48.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

49.     Plaintiff has been the object of collection activity by Defendant CREDENCE arising from an alleged consumer debt.

50.     Defendant CREDENCE is a "debt collector" as defined by the FDCPA.

51.     Defendant CREDENCE engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

52.     Defendant CREDENCE engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation

repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

53.     Defendant CREDENCE engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity

54.     Defendant CREDENCE engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt at issue.

55.     Defendant CREDENCE engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

56.     Defendant CREDENCE engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector, and by leaving prerecorded messages that failed to disclose that the communication was from a debt collector.

57.     Defendant CREDENCE engaged in an act or omission prohibited under15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

58.     Defendant CREDENCE's acts and omissions as described herein have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by 15 U.S.C. § 1692 including, but not limited to: statutory damages, actual damages, attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant CREDENCE

for statutory damages, actual damages, attorney fees, costs, interest and such other relief as this

Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Michelle@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff